**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JO ANN M. LANCIA** | : | |
| **VS** | | CA 05 028 L |
| | : | |
| **HARBORSIDE HEALTHCARE** | : | |
| **CORPORATION and** | : | |
| **MARK TORDOFF** | : | |

## COMPLAINT

### I. JURISDICTION

1. This action is brought to remedy discrimination on the basis of sex in the terms, conditions and privileges of employment and to remedy retaliation against Plaintiff Jo Ann M. Lancia for activity protected under Title VII all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., ("Title VII"), in violation of the Rhode Island Fair Employment Practices Act ("FEPA"), R.I.G.L. §28-5-1, et seq., in violation of the Rhode Island Civil Rights Act ("RICRA"), R.I.G.L. §42-112-1, et seq., for injuries suffered as a result of acts and/or omissions committed by Defendants in violation of the Fourteenth Amendment to the United States Constitution and Article I, Section II of the Rhode Island Constitution, actionable pursuant to 42 U.S.C. §1983, for negligent supervision, and for intentional infliction of emotional distress.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

2. Plaintiff Jo Ann M. Lancia, a female and a resident of the State of Rhode Island, filed a charge of discrimination with the Rhode Island Commission For Human Rights on or about June 23, 1999, complaining of the acts of sex discrimination alleged herein.

3. On or about November 4, 2004, more than 180 days having elapsed since the filing of her charge, the Rhode Island Commission For Human Rights issued Plaintiff a Notice informing her of her right to sue in state court. On December 20, 2004 the United States Equal Employment Opportunity Commission issued Plaintiff a Notice informing her of her Right to Sue in Federal Court.

4. Plaintiff has fully complied with all prerequisites to jurisdiction in this Honorable Court under Title VII, "FEPA" and "RICRA." Jurisdiction of this Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3). Jurisdiction under the claims of the Rhode Island Fair Employment Practices Act ("FEPA"), R.I.G.L. §28-5-1, et seq., and the Rhode Island Civil Rights Act ("RICRA"), R.I.G.L. §42-112-1 et seq., negligence, and intentional infliction of emotional distress is invoked pursuant to diversity jurisdiction of the Court. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

## III. VENUE

5. As the unlawful employment practices complained of herein occurred within the District of Rhode Island, venue is proper in this District pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3). Venue is also proper on the basis that the

individual Defendants may be found in the State of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

## IV. PARTIES

6. Plaintiff Jo Ann M. Lancia is a resident of Rhode Island and for a period of approximately four (4) years was employed by the Defendant Harborside Healthcare Corporation at its Greenwood Nursing Home located in Warwick, Rhode Island as Director of Business Services.

7. Defendant Harborside Healthcare Corporation (hereinafter "Harborside") is a corporation duly organized and operating under the laws of the State of Delaware and doing business in the State of Rhode Island.

8. Defendant Mark Tordoff (hereinafter "Tordoff") at all times material hereto was employed by Harborside in the position of Administrator of the Greenwood Nursing Home.

## V. MATERIAL ALLEGATIONS

12. Tordoff was Plaintiff's direct supervisor until February, 1999.

13. In December of 1998 Tordoff commenced a pattern of sexual harassment directed towards Plaintiff and others at the Greenwood Nursing Home

14. Tordoff directed a series of lewd sexual comments towards Plaintiff, inquiring about her sex life and commenting on her body. In addition, Tordoff directed sexual comments towards other female employees, commenting on their breasts and bodies.

15. When Plaintiff became involved in a relationship with another man Tordoff retaliated against her by making her working conditions intolerable.

16. Tordoff caused conflict between Plaintiff and the Harborside home office by holding Plaintiff's calls and by withholding information from Plaintiff which she needed to fulfill her daily responsibilities

17. Tordoff changed the time of Department Head meetings involving Medicare procedures in order to exclude Plaintiff from such meetings and to make her look bad to other Harborside employees.

18. Plaintiff complained to Harborside's Personnel Department about Tordoff's sexual harassment and retaliation but no action was taken by Harborside management to correct the hostile environment.

19. As a result of Harborside's inaction Plaintiff was constructively discharged from her employment with Harborside in February of 1999.

20. As a result of Tordoff's sexual harassment of Plaintiff, his retaliation, and the failure of the Harborside to respond to Plaintiff's complaints, Plaintiff has suffered economic damage, including but not limited to, equitable damages, compensatory damages, emotional distress, loss of enjoyment of life, humiliation, loss of income and personal reputation and other great harm.

## VI. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## TITLE VII

21. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 20 of this Complaint with the same force and effect as if set forth above.

22. Defendants have discriminated against Plaintiff in the terms and conditions of her employment on the basis of sex in violation of Title VII.

23. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION

## TITLE VII - RETALIATION

24. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 23 of this Complaint with the same force and effect as if set forth herein.

25. Defendants have retaliated against Plaintiff and have denied her opportunities for employment on the basis of her having complained of discrimination, in violation of Title VII.

26. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' practices unless and until this Court grants relief.

## THIRD CAUSE OF ACTION

## RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT

27. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 26 of this Complaint with the same force and effect as if set forth herein.

28. The actions of Defendants, including but not limited to those described herein, constitute unlawful discrimination in employment on account of sex in violation of the Rhode Island Fair Employment Practices Act ("FEPA"), R.I.G.L. §42-112-1 et seq., causing Plaintiff to suffer damages as aforesaid and depriving Plaintiff of rights secured by FEPA.

29. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' practices unless and until this Court grants relief.

**FOURTH CAUSE OF ACTION**

**RHODE ISLAND CIVIL RIGHTS ACT**

30. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 29 of this Complaint with the same force and effect as if set forth herein.

31. Defendants have discriminated against Plaintiff in the terms and conditions of her employment on the basis of sex in violation of the Rhode Island Civil Rights Act ("RICRA"), R.I.G.L. §41-112-1, et seq.

32. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' practices unless and until this Court grants relief.

33. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' practices unless and until this Court grants relief.

**FIFTH CAUSE OF ACTION**

**NEGLIGENT SUPERVISION**

34. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 33 of this Complaint with the same force and effect as if set forth heein.

35. Harborside and its agents and servants negligently supervised Tordoff and by their actions and/or inactions failed to adequately protect Plaintiff from harassment inflicted by Tordoff.

36. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' practices unless and until this Court grants relief.

**SIXTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 36 with the same force and effect as if set forth above.

58. The conduct of the Defendants was intentional or in reckless disregard of the probability of causing severe emotional distress and bodily harm to Plaintiff causing her to suffer damages as aforesaid.

## VII. PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

1. A declaratory judgment that Defendants, in the manner described herein, unlawfully discriminated against Plaintiff on the basis of sex in violation of Title VII, 42 U.S.C. §2000e et seq., the Rhode Island Fair Employment Practices Act, R.I.G. L. §28-5-1, et seq., the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1, et seq., and Title IX, 86 Stat. 373, as amended, 20 U.S.C. §1681, et seq.

2. Award Plaintiff compensatory damages for pecuniary losses, emotional pain, suffering, mental anguish, physiological and psychiatric injuries, loss of enjoyment of life and other non-pecuniary losses.

3. Award Plaintiff exemplary damages for Defendants' intentional, malicious, reckless and/or willful violations of Title VII, FEPA, and RICRA,.

4. Award Plaintiff reasonable attorneys fees and costs of litigation.

5. Such other and further relief as the Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts so triable.

IX.

## X. DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Michael D. Coleman as trial counsel.

PLAINTIFF,
By her Attorney,

MICHAEL D. COLEMAN, ESQUIRE (#2021)
Greenwich Village
1050 Main Street – Suite 22
East Greenwich, Rhode Island 02818
(401) 885-8887
(401) 885-6082 (facsimile)

DATED: January 27, 2005

# VERIFICATION OF COMPLAINT

Now comes the Plaintiff, Jo Ann M. Lancia, being duly sworn, and does hereby depose and say as follows:

1. That I am the Plaintiff in the within matter.

2. That I have read the above Complaint and acknowledge the factual allegations alleged therein to be true and accurate to the best of my knowledge, information and belief.

3. That I have made this Verification of Complaint in support of my prayers therein for judgment and relief against the Defendants.

Jo Ann M. Lancia
JO ANN M. LANCIA

Subscribed and sworn to before me in East Greenwich on this 26th day of January, 2005.

~~NOTARY PUBLIC~~ Notary Public
MY COMMISSION EXPIRES: 6/20/05