UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOANN M. LANCIA | : | |
| | : | |
| VS | : | |
| | : | C.A. 05-028-L |
| HARBORSIDE HEALTHCARE CORPORATION and MARK TORDOFF | : | |

**ANSWER OF HARBORSIDE HEALTHCARE CORPORATION**

Defendant, Harborside Healthcare Corporation ("Harborside" or "Defendant"), hereby answers the Complaint of Jo Ann Lancia ("Plaintiff") as follows:

**FIRST DEFENSE**

**I. JURISDICTION**

1. The allegations in Paragraph 1 state Plaintiff's description of her purported cause of action, as well as conclusions of law, and therefore no responsive pleading is required. To the extent that a responsive pleading is required, such allegations are denied.

**II. EXHAUSTION OF ADMINISTRATIVE REMEDIES**

2. Defendant admits that Plaintiff is female and that she filed a charge alleging sex discrimination with the Rhode Island Commission for Human Rights ("RICHR"). Defendant lacks sufficient information or knowledge regarding the remaining allegations of this Paragraph.

3. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 3, except that it admits that the RICHR issued a Right to Sue Notice to Plaintiff. Defendant has not received a Right to Sue Notice from the Equal Employment Opportunity Commission ("EEOC").

4

4. The allegations in Paragraph 4 state a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant admits that this Court has jurisdiction over the type of claims listed but neither admits nor denies that the Court has jurisdiction under the facts and circumstances of Plaintiff's specific claims. If Plaintiff has not received a Right to Sue Notice from the EEOC, Defendant denies that Plaintiff has exhausted her administrative prerequisites to suit. Defendant also questions the Plaintiff's purported grounds for this Court's jurisdiction over the state law claims.

## III. VENUE

5. The allegations in Paragraph 5 state a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant admits that the conduct Plaintiff complains of allegedly occurred in Rhode Island. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this Paragraph.

## IV. PARTIES

6. Defendant lacks sufficient information or knowledge regarding Plaintiff's residency. Defendant denies the remaining allegations of this Paragraph.

7. Admitted that Defendant is organized in Delaware. Defendant denies the remaining allegations of this Paragraph.

8. Denied.

## V. MATERIAL ALLEGATIONS[1]

12. Defendant admits that Tordoff supervised Plaintiff for part of her employment. Defendant denies the remaining allegations contained in Paragraph 12.

13-20. Denied.

## VI. CAUSES OF ACTION

### TITLE VII

21. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 20 of the Complaint.

23-24. Denied.

### RETALIATION

24 Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 23 of the Complaint.[2]

25-26. Denied.

### RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT

27. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 26 of the Complaint.

28-29. Denied.

---

[1] Defendant notes that the Complaint lacks paragraphs numbered 9, 10 and 11.

[2] In this and in each subsequent count, Plaintiff improperly realleges all of the prior paragraphs of the Complaint. This practice eliminates any meaningful distinction among the counts by incorporating all the paragraphs of each prior count into each new count.

**RHODE ISLAND CIVIL RIGHTS ACT**

30. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 29 of the Complaint.

31-33. Denied.

**NEGLIGENT SUPERVISION**

34. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 33 of the Complaint.

35-36. Denied.

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

37. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 36 of the Complaint.

58. (sic) Denied.

**SECOND DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

Plaintiff's claims are barred by the doctrine of contributory negligence.

**FOURTH DEFENSE**

Plaintiff's claims, in whole or in part, are preempted by the exclusivity provisions of the Rhode Island Workers' Compensation Act.

**FIFTH DEFENSE**

Plaintiff's own conduct was the proximate cause of any damages she sustained.

**SIXTH DEFENSE**

To the extent Defendant acted as alleged herein, its conduct was in good faith, justified, privileged and taken for legitimate business reasons.

**SEVENTH DEFENSE**

Defendant maintained policies against discrimination on the basis of sex, including a policy against sexual harassment. Plaintiff unreasonably failed to utilize the complaint procedure in the policy or to otherwise prevent the harm about which she complains in this lawsuit.

**EIGHTH DEFENSE**

Defendant never employed Plaintiff and it should therefore be dismissed from this lawsuit.

**NINTH DEFENSE**

Plaintiff has failed to exhaust her administrative prerequisites prior to filing suit.

**TENTH DEFENSE**

Plaintiff has failed to plead, and cannot prove, that Defendant engaged in wanton, willful, or reckless conduct sufficient to support and award of punitive damages.

**ELEVENTH DEFENSE**

Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

**TWELFTH DEFENSE**

Plaintiff's reference to the state and federal constitution is misplaced as Defendant is not a governmental entity.

**THIRTEEN DEFENSE**

Plaintiff was not subjected to any adverse employment action as she voluntarily resigned.

WHEREFORE, Defendant respectfully requests that the Court:

1. Dismiss the Complaint against it with prejudice;

2. Enter judgment in its favor against Plaintiff on all counts;

3. Award Defendant its costs and reasonable attorneys' fees incurred in defending this action; and

4. Award Defendant such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

HARBORSIDE HEALTHCARE CORPORATION

By its attorneys,

Andrew B. Prescott, RI Bar #3758
Stacie Boeniger Collier, RI Bar # 6059
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (facsimile)

Dated: February 22, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that the Answer of Harborside Healthcare Corporation was served on Michael D. Coleman, Esq., 1050 Main Street, Suite 22, East Greenwich, RI 02818 by first class mail this 22nd day of February, 2005.

P121361.1